IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE  BRISCOE,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )     Case No.:  2:14-CV-02146-EFM-KGG
THE BALDWIN STATE BANK             )
                                   )
and                                )
                                   )
COHEN, MCNEILE & PAPPAS, P.C.,     )
                                   )
            Defendants.            )

**DEFENDANT THE BALDWIN STATE BANK'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED PETITION FOR DAMAGES**

COMES NOW defendant The Baldwin State Bank, by and through counsel, and for its

Answer and Affirmative Defenses to Plaintiff's Amended Petition for Damages, states as

follows:

**PARTIES, JURISDICTION & VENUE**

1.      Defendant is without sufficient information to admit or deny the allegations set

forth in Paragraph 1 of plaintiff's Amended Petition and therefore denies the same.

2.      Defendant denies the allegations set forth in Paragraph 2 of plaintiff's Amended

Petition.

3.      Defendant admits the allegations set forth in Paragraph 3 of plaintiff's Amended

Petition.

4.      Defendant is without sufficient information to admit or deny the allegations set

forth in Paragraph 4 of plaintiff's Amended Petition and therefore denies the same.

5.      Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 5 of plaintiff's Amended Petition and therefore denies the same.

6.      Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 6 of plaintiff's Amended Petition and therefore denies the same.

7.      The statements contained in Paragraph 7 of plaintiff's Amended Petition are not factual allegations but are legal conclusions, and therefore, do not require an answer.  However, to the extent an answer is required, defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of plaintiff's Amended Petition and therefore denies the same.

8.      The statements contained in Paragraph 8 of plaintiff's Amended Petition are not factual allegations but are legal conclusions, and therefore, do not require an answer.  However, to the extent an answer is required, defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of plaintiff's Amended Petition and therefore denies the same.

9.      The statements contained in Paragraph 9 of plaintiff's Amended Petition are not factual allegations but are legal conclusions, and therefore, do not require an answer.  However, to the extent an answer is required, defendant denies that plaintiff qualifies as an "elder person" under the KCPA at the time of the allegations in plaintiff's Amended Petition.  Defendant is without sufficient information to admit or deny the remaining allegations asserted in Paragraph 9 of plaintiff's Amended Petition and therefore denies the same.

10.     The statements contained in Paragraph 10 of plaintiff's Amended Petition are not factual allegations but are legal conclusions, and therefore, do not require an answer.  However, to the extent an answer is required, defendant is without sufficient information to admit or deny

the allegations contained in Paragraph 10 of plaintiff's Amended Petition and therefore denies the same.

11.     The statements contained in Paragraph 11 of plaintiff's Amended Petition are not factual allegations but are legal conclusions, and therefore, do not require an answer.  However, to the extent an answer is required, defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of plaintiff's Amended Petition and therefore denies the same.

12.     The statements contained in Paragraph 12 of plaintiff's Amended Petition are not factual allegations but are legal conclusions, and therefore, do not require an answer.  However, to the extent an answer is required, defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of plaintiff's Amended Petition and therefore denies the same.

**FACTUAL HISTORY**

13.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 13 of plaintiff's Amended Petition and therefore denies the same.

14.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 14 of plaintiff's Amended Petition and therefore denies the same.

15.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 15 of plaintiff's Amended Petition and therefore denies the same.

16.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 16 of plaintiff's Amended Petition and therefore denies the same.

17.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 17 of plaintiff's Amended Petition and therefore denies the same.

18.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 18 of plaintiff's Amended Petition and therefore denies the same.

19.     Defendant denies the allegations set forth in Paragraph 19 of plaintiff's Amended Petition.

20.     Defendant denies the allegations set forth in Paragraph 20 of plaintiff's Amended Petition.

21.     In response to the allegations contained in Paragraph 21 of plaintiff's Amended Petition, defendant admits that at some point defendant turned the Personal Loan account over to Shaffer & Associates.  Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 21 of plaintiff's Amended Petition and therefore denies the same.

22.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 22 of plaintiff's Amended Petition and therefore denies the same.

23.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 23 of plaintiff's Amended Petition and therefore denies the same.

24.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 24 of plaintiff's Amended Petition and therefore denies the same.

25.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 25 of plaintiff's Amended Petition and therefore denies the same.

26.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 26 of plaintiff's Amended Petition and therefore denies the same.

27.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 27 of plaintiff's Amended Petition and therefore denies the same.

28.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 28 of plaintiff's Amended Petition and therefore denies the same.

29.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 29 of plaintiff's Amended Petition and therefore denies the same.

30.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 30 of plaintiff's Amended Petition and therefore denies the same.

31.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 31 of plaintiff's Amended Petition and therefore denies the same.

32.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 32 of plaintiff's Amended Petition and therefore denies the same.

33.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 33 of plaintiff's Amended Petition and therefore denies the same.

34.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 34 of plaintiff's Amended Petition and therefore denies the same.

35.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 35 of plaintiff's Amended Petition and therefore denies the same.

36.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 36 of plaintiff's Amended Petition and therefore denies the same.

37.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 37 of plaintiff's Amended Petition and therefore denies the same.

38.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 38 of plaintiff's Amended Petition and therefore denies the same.

39.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 39 of plaintiff's Amended Petition and therefore denies the same.

40.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 40 of plaintiff's Amended Petition and therefore denies the same.

41.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 41 of plaintiff's Amended Petition and therefore denies the same.

42.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 42 of plaintiff's Amended Petition and therefore denies the same.

43.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 43 of plaintiff's Amended Petition and therefore denies the same.

44.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 44 of plaintiff's Amended Petition and therefore denies the same.

45.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 45 of plaintiff's Amended Petition and therefore denies the same.

46.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 46 of plaintiff's Amended Petition and therefore denies the same.

47.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 47 of plaintiff's Amended Petition and therefore denies the same.

48.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 48 of plaintiff's Amended Petition and therefore denies the same.

## COUNT I:

49.     In response to the allegations asserted in paragraph 49 of plaintiff's Amended Petition, defendant incorporates by reference herein its responses to the allegations contained in

6

Paragraphs 1 through 48 of plaintiff's Amended Petition.

50.     Defendant denies the allegations set forth in Paragraph 50 of plaintiff's Amended Petition.

51.     The statements contained in Paragraph 51 of plaintiff's Amended Petition are not factual allegations but are legal conclusions, and therefore, do not require an answer.  However, to the extent an answer is required, defendant is without sufficient information to admit or deny the allegations contained in Paragraph 51 of plaintiff's Amended Petition and therefore denies the same.

52.     The statements contained in Paragraph 52 of plaintiff's Amended Petition are not factual allegations but are legal conclusions, and therefore, do not require an answer.  However, to the extent an answer is required, defendant is without sufficient information to admit or deny the allegations contained in Paragraph 52 of plaintiff's Amended Petition and therefore denies the same.

53.     Defendant denies the allegations set forth in Paragraph 53 of plaintiff's Amended Petition.

54.     Defendant denies the allegations set forth in Paragraph 54 of plaintiff's Amended Petition.

55.     Defendant denies the allegations set forth in Paragraph 55 of plaintiff's Amended Petition.

56.     Defendant denies the allegations set forth in Paragraph 56 of plaintiff's Amended Petition.

WHEREFORE, defendant The Baldwin State Bank prays that this Court enter judgment in its favor and against plaintiff on Count I of plaintiff's Amended Petition; that plaintiff's

Amended Petition be dismissed with prejudice; that defendant The Baldwin State Bank be awarded its costs and expenses incurred herein; and for such other and further relief as the Court deems just and proper.

## COUNT II:

57.     Count II of plaintiff's Amended Petition does not seek relief or make a claim against defendant The Baldwin State Bank so that no further answer is required.  However, to the extent any answer is required, defendant The Baldwin State Bank denies each and every allegation, matter and averment made and contained in Paragraphs 57 through 64 of plaintiff's Amended Petition that could be deemed directed at defendant The Baldwin State Bank.

WHEREFORE, defendant The Baldwin State Bank prays that this Court enter judgment in its favor and against plaintiff on Count II of plaintiff's Amended Petition; that plaintiff's Amended Petition be dismissed with prejudice; that defendant The Baldwin State Bank be awarded its costs and expenses incurred herein; and for such other and further relief as the Court deems just and proper.

## COUNT III:

58.     Count III of plaintiff's Amended Petition does not seek relief or make a claim against defendant The Baldwin State Bank so that no further answer is required.  However, to the extent any answer is required, defendant The Baldwin State Bank denies each and every allegation, matter and averment made and contained in Paragraphs 65 through 66 of plaintiff's Amended Petition that could be deemed directed at defendant The Baldwin State Bank.

WHEREFORE, defendant The Baldwin State Bank prays that this Court enter judgment in its favor and against plaintiff on Count III of plaintiff's Amended Petition; that plaintiff's Amended Petition be dismissed with prejudice; that defendant The Baldwin State Bank be

awarded its costs and expenses incurred herein; and for such other and further relief as the Court deems just and proper.

## GENERAL DENIAL

59.     Defendant The Baldwin State Bank denies each and every allegation asserted in plaintiff's Amended Petition not specifically admitted or denied in Paragraphs 1 through 66 above.

## AFFIRMATIVE DEFENSES

1.      Each and every Count of plaintiff's Amended Petition fails to state a claim or cause of action upon which relief may be granted.

2.      Plaintiff has failed to mitigate his damages.

3.      Plaintiff's claims against defendant The Baldwin State Bank fail because defendant is not a "supplier" as that term is defined under the KCPA, specifically, K.S.A. §50-624(l).

4.      Plaintiff's claims against defendant The Baldwin State Bank fail because when the R.A.T.E.S. account was opened on August 30, 2007, plaintiff signed a deposit agreement that contained "set-off" language specifically granting the Bank to use any funds contained in the R.A.T.E.S. account as a set-off against any debts to the Bank that plaintiff may have had.  The set-off provision of the deposit agreement states as follows:

> **SET-OFF** - You each agree that we may (without prior notice and when permitted by law) set off the funds in this account against any due and payable debt owed to us now or in the future, by any of you having the right of withdrawal, to the extent of such persons' or legal entity's right to withdraw. If the debt arises from a note, "any due and payable debt" includes the total amount of which we are entitled to demand payment under the terms of the note at the time we set off, including any balance the due date for which we properly accelerate under the note. This right of set-off does not apply to this account if: (a) it is an Individual Retirement Account or other tax-deferred retirement account, or (b) the debt is created by a consumer credit transaction under a credit card plan, or (c) the

debtor's right of withdrawal arises only in a representative capacity. We will not be liable for the dishonor of any check when the dishonor occurs because we set off a debt against this account. You agree to hold us harmless from any claim arising as a result of our exercise of our right of set-off.

5.      Plaintiff is not entitled to civil penalties pursuant to K.S.A. §50-677.

6.      Plaintiff's claims against defendant The Baldwin State Bank fail because the charter for R.A.T.E., Inc. was forfeited on 7/15/2006.

7.      Plaintiff's claims against this defendant are not subject to the KCPA.

8.      Plaintiff's claims against this defendant fail because plaintiff is not the real party in interest.

9.      Plaintiff's claims against this defendant fail because plaintiff lacks standing to assert any such claims.

10.     Defendant The Baldwin State Bank reserves the right to further amend and add any additional defenses that may become known during the course of discovery in this case.

WHEREFORE, defendant The Baldwin State Bank prays that this Court enter judgment in its favor and against plaintiff on all allegations asserted in plaintiff's Amended Petition; that plaintiff's Amended Petition be dismissed with prejudice; that defendant The Baldwin State Bank be awarded its costs and expenses incurred herein; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ David W. White
David W. White          KS. Bar No. 14506
Abbigale A. Gentle      KS. Bar No. 19183
**FOLAND, WICKENS, EISFELDER,
ROPER & HOFER, P.C.**
911 Main Street, 30th Floor
Kansas City, Missouri  64105
Telephone:  (816) 472-7474
Facsimile:  (816) 472-6262
Email:  dwhite@fwpclaw.com;
          agentle@fwpclaw.com
*ATTORNEYS FOR DEFENDANT
THE BALDWIN STATE BANK*


**DEFENDANT REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Respectfully submitted,


/s/ David W. White
David W. White          KS. Bar No. 14506
Abbigale A. Gentle      KS. Bar No. 19183
**FOLAND, WICKENS, EISFELDER,
ROPER & HOFER, P.C.**
911 Main Street, 30th Floor
Kansas City, Missouri  64105
Telephone:  (816) 472-7474
Facsimile:  (816) 472-6262
Email:  dwhite@fwpclaw.com;
          agentle@fwpclaw.com
*ATTORNEYS FOR DEFENDANT
THE BALDWIN STATE BANK*

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of April, 2014, a true and accurate copy of the foregoing was served via the Court's ECF system upon:

A. Scott Waddell
**Waddell Law Firm, LLC**
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
Telephone: (816)221-2555,
Fax: (816) 221-2508
Email:  scott@aswlawfirm.com
*PLAINTIFFS ATTORNEY*


Bryce B. Bell
**Bell Law, LLC**
2029 Wyandotte, Suite 100,
Kansas City, MO 64108
Telephone: (816)221-2555,
Fax: (816) 221-2508
Email: Scott@aswlawfirm.com
          Bryce@BellLawKC.com
*PLAINTIFFS ATTORNEY*


David Larson
**Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.**
4700 Belleview, Suite 210
Kansas City, MO  64112
Telephone:  (816) 753-6006
Fax: (816) 502-7898
Email: delarson@martinpringle.com
*ATTORNEY FOR COHEN*
*MCNEILE & PAPPAS, P.C.*


/s/ David W. White
*ATTORNEY FOR DEFENDANT*
*THE BALDWIN STATE BANK*