IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WAYNE L. BRISCOE,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**COHEN, MCNEILE & PAPPAS, P.C.,**<br><br>　　　　　**Defendant.** | Case No. 14-2146-DDC-KGG |

## MEMORANDUM AND ORDER

Plaintiff Wayne L. Briscoe brings this lawsuit against defendant Cohen, McNeile & Pappas, P.C. alleging that defendant violated the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 *et seq*., while attempting to collect a debt from plaintiff. This matter comes before the Court on defendant's Motion for Summary Judgment (Doc. 32). For the reasons set forth below, the Court grants defendant's Motion for Summary Judgment.

**I.　Procedural Background**

On January 21, 2014, plaintiff filed this lawsuit in the District Court of Douglas County, Kansas alleging two claims against defendant—one for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the other for violation of the KCPA, K.S.A. § 50-623 *et seq*.[1] Defendant removed the action under 28 U.S.C. § 1331 invoking this Court's original jurisdiction over civil actions arising under federal law. On April 23, 2013, defendant filed a motion to dismiss plaintiff's claims for failing to state a claim upon which relief

---

[1]　Plaintiff also named The Baldwin State Bank as a defendant in this lawsuit. On June 13, 2014, plaintiff filed an Amended Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) stating that plaintiff, defendant The Baldwin State Bank, and defendant Cohen, McNeile & Pappas, P.C. had stipulated to the dismissal of plaintiff's claims against The Baldwin State Bank only, with prejudice (Doc. 27). Thus, defendant Cohen, McNeile & Pappas, P.C. is the only remaining defendant in the case.

1

can be granted (Doc. 13). On October 1, 2014, this Court granted defendant's motion to dismiss plaintiff's FDCPA claim and KCPA claim under K.S.A. § 50-627, but denied the motion on plaintiff's KCPA claim under K.S.A. § 50-626 (Doc. 30).

In its motion to dismiss, defendant argued that plaintiff's KCPA claim fails as a matter of law because the parties to the underlying consumer transaction were not a "consumer" or "supplier" as defined by the KCPA. In this case, the original consumer transaction was a personal loan made by The Baldwin State Bank ("Bank") to plaintiff. Defendant argued that the Bank is not a "supplier" under the KCPA, which excludes "any bank, trust company or lending institution which is subject to state or federal regulation with regard to disposition of repossessed collateral by such bank, trust company or lending institution." K.S.A. § 50-624(l). But the Court was unable to determine that the Bank was a "bank . . . subject to state or federal regulation" and therefore not a "supplier" under the KCPA based on the record that was before the Court on the motion to dismiss without converting the motion to one for summary judgment.

Because that single issue was dispositive, however, the Court stayed the case on all issues except for the limited issue of whether the Bank is a state or federally regulated institution exempted from the definition of "supplier" under the KCPA. The Court allowed the parties to conduct discovery on this limited issue and ordered the parties to file dispositive motions on this issue on or before November 20, 2014.

In accordance with the Court's directive, defendant filed a summary judgment motion on this limited issue (Doc. 32). Plaintiff has not responded to defendant's summary judgment motion, and the time for responding has since expired. *See* D. Kan. Rule 6.1(d)(2) ("Responses to . . . motions for summary judgment . . . must be filed and served within 21 days."). Because plaintiff has not responded to defendant's summary judgment motion, the Court may "consider

and decide the motion as an uncontested motion." D. Kan. Rule 7.4(b). "Ordinarily, the court will grant the motion without further notice." *Id.* A party's failure to respond to a summary judgment motion, however, is not a sufficient basis, by itself, on which to enter judgment. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Instead, the Court must determine whether judgment for the moving party is appropriate under Fed. R. Civ. P. 56. Therefore, the Court considers the merits of defendant's summary judgment motion below.

**II.     Uncontroverted Facts**

The following facts are stated in the light most favorable to plaintiff, the nonmoving party. During the times relevant to this lawsuit, plaintiff maintained two bank accounts at The Baldwin State Bank ("Bank"), which is a bank subject to state or federal regulation. The two accounts maintained by plaintiff were a personal account and a business account for Resources Advantages in Telecommunications Enterprises, Inc., also known as R.A.T.E., Inc. On or around July 29, 2010, plaintiff obtained a personal loan from the Bank in the amount of $8,450.00. After plaintiff defaulted on that loan, the Bank, attempting to satisfy partially plaintiff's outstanding personal loan, seized funds from R.A.T.E., Inc.'s business account in the amount of $1,500.00. In June 2011, the Bank turned the personal loan account over to a collection agency, Shaffer & Associates. Shaffer & Associates then hired defendant to initiate legal action against plaintiff to collect the amount owed on the personal loan.

Defendant attempted to collect the debt plaintiff owed by first communicating with plaintiff by letter, and then by filing a lawsuit against plaintiff in the District Court of Douglas County, Kansas. In that lawsuit, defendant stated that plaintiff resided at 239 E. 1000th Road, Baldwin City, Kansas, 66006 ("the Baldwin City Address") and attempted to serve plaintiff at that residence. Plaintiff has never lived at the Baldwin City Address. When plaintiff failed to

appear or file a timely answer in the lawsuit, defendant obtained a default judgment.  But plaintiff was never served in the lawsuit because defendant had instructed the Sheriff to serve plaintiff at an address where he had never resided (the Baldwin City Address).

The District Court of Douglas County, Kansas entered a default judgment against plaintiff as well as an Order of Garnishment in the amount of $7,612.55.  On January 29, 2013, the Sheriff served the Order of Garnishment on plaintiff's employer, who, in response to the Order, garnished $1,286.97 from plaintiff's wages.

On February 12, 2013, plaintiff filed a pro se motion in the lawsuit pending in the District Court of Douglas County, Kansas, titled "Motion for Relief From Judgment Pursuant to K.S.A. Chapter 60."  In that motion, plaintiff stated that the Summons and Return of Service filed in the lawsuit showed that plaintiff was served at the Baldwin City Address, where plaintiff claimed he never resided.  Therefore, plaintiff argued that the service was defective.  On March 25, 2013, defendant filed a Satisfaction of Judgment in the lawsuit pending in the District Court of Douglas County, Kansas, stating that defendant acknowledged full and complete satisfaction of the judgment.  On April 22, 2013, defendant wrote a check to plaintiff in the amount of $1,286.97.

### III.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  When it applies this standard, the Court views the evidence and draws inferences in the light most favorable to the non-moving party.  *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1245–46 (10th Cir. 2010)).  "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue."  *Id.* (quoting

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248)).

The moving party bears "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'" *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2003)). To meet this burden, the moving party "'need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.'" *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.'" *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)).

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. Rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

### IV.     Analysis

The KCPA prohibits the use of deceptive acts and practices in connection with a consumer transaction. K.S.A. § 50–626(a). The act defines a "consumer transaction" as the "sale, lease, assignment or other disposition for value of property or services within this state . . . to a consumer; or a solicitation by a supplier with respect to any of these dispositions." K.S.A. § 50–624(c) (emphasis added). The term "supplier" is defined in K.S.A. § 50-624(l):

> "Supplier" means a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer. Supplier does not include any bank, trust company or lending institution which is subject to state or federal regulation with regard to disposition of repossessed collateral by such bank, trust company or lending institution.

In *State ex rel. Miller v. Midwest Serv. Bureau of Topeka, Inc.*, 623 P.2d 1343 (Kan. 1981), the Kansas Supreme Court held that an independent debt collection agency is a "supplier" under the KCPA under certain specific conditions. The Supreme Court explained what it meant:

> [A]n independent debt collection agency falls within the definition of a "supplier" and is subject to the provisions of the KCPA, if it is found that three specific conditions exist:
>
>> (1) The debt sought to be enforced came into being as a result of a consumer transaction;
>>
>> (2) The parties to the original consumer transaction were a "supplier" and a "consumer" as defined in the act; and
>>
>> (3) The conduct complained of, either deceptive or unconscionable, occurred during the collection of, or an attempt to collect, a debt which arose from the consumer transaction and was owed by the consumer to the original supplier.

*Miller*, 623 P.2d at 1349. Our Court has applied the *Miller* test to a law firm engaged in collection activities similar to defendant in this case, which attempted to collect a debt from the plaintiff on behalf of the Bank. *See Rachoza v. Gallas & Schultz*, No. CIV. A. 97–2264–EEO,

6

1998 WL 171280, at *6 (D. Kan. Mar. 23, 1998) (finding that the defendant law firm met the definition of "supplier" because each of the three requirements of *Miller* were satisfied).  Thus, the Court looks to the *Miller* test to determine if defendant is a "supplier" under the KCPA and, therefore, subject to the requirements of that act.

The only issue for the Court to decide on this motion for summary judgment is whether plaintiff has satisfied the second requirement of *Miller.*  Defendant argues that plaintiff cannot meet this requirement because the parties to the original consumer transaction—the personal loan made by the Bank to plaintiff—were not a "supplier" and a "consumer" as defined by the KCPA.

The KCPA's definition of "supplier" excludes "any bank, trust company or lending institution which is subject to state or federal regulation with regard to disposition of repossessed collateral by such bank, trust company or lending institution."  K.S.A. § 50-624(l).  As explained in its Memorandum and Order granting in part and denying in part defendant's Motion to Dismiss (Doc. 30), the Court concludes that the Bank is not a supplier under the KCPA if it is subject to state or federal regulation.  The Court could not make this determination based on the record existing when the Court decided the motion to dismiss; however, since that time, the parties have stipulated that the Bank is subject to state or federal regulation.  *See* Stipulation (Doc. 33-1).  Based on this Stipulation, the Court concludes that the Bank is not a "supplier" as the KCPA defines this term, and thus plaintiff fails to satisfy the second requirement of the *Miller* test.  Consequently, plaintiff's KCPA claim fails as a matter of law.  The Court grants summary judgment to defendant on plaintiff's KCPA claim under K.S.A. § 50-626, and dismisses this case in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's Motion for Summary Judgment (Doc. 32) is granted.

**IT IS SO ORDERED.**

**Dated this 23rd day of December, 2014, at Topeka, Kansas.**

                                                 **s/ Daniel D. Crabtree**
                                                 **Daniel D. Crabtree**
                                                 **United States District Judge**